UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA,    )
    )
    v.    )    2:16-cr-00070-JDL
    )
RYAN BENOIT,    )
    )
    Defendant    )

**RECOMMENDED DECISION ON MOTION FOR
COMPASSIONATE RELEASE**

On November 16, 2016, upon Defendant's guilty plea to possession with the intent to distribute cocaine and unlawful possession of a firearm, the Court sentenced Defendant to 90 months in prison.  On June 25, 2020, Defendant wrote to the Court summarizing the rehabilitation efforts he has made in prison and asked if he could be released from prison prior to his scheduled release in 2022.  Defendant expressed a desire to be reunited with his young son.  The Court construed Defendant's letter as a motion for compassionate release.  (Motion, ECF No. 35.)  Upon review of the motion, I recommend the Court deny the motion without prejudice.

**DISCUSSION**

"Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008).  Under § 3582(c), the sentencing court may: (1) correct an arithmetical, technical or other clear error within 14 days after sentencing, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (2) reduce a sentence upon the government's motion within one year of sentencing if the defendant provided substantial assistance investigating or prosecuting

another person, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (3) modify a sentence that was based on a guideline range which the Sentencing Commission subsequently lowered, *id.* § 3582(c)(2); (4) shorten a sentence for a defendant over the age of seventy who has served more than thirty years in prison and is no longer a danger to others, *id.* § 3582(c)(1)(A)(ii); and (5) reduce a sentence for extraordinary and compelling reasons, such as terminal illness, serious physical or cognitive impairment, or the death or incapacitation of the caregiver of a minor child, spouse or partner, *id.* § 3582(c)(1)(A)(i), U.S.S.G. § 1B1.13 Application Note.   Beyond that "handful of narrowly circumscribed exceptions," the sentencing court "has no jurisdiction to vacate, alter, or revise a sentence previously imposed." *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017).

A court may only reduce a sentence based on extraordinary and compelling reasons after considering the § 3553(a) factors: (1) "upon motion of the Director of the Bureau of Prisons," or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A)(i).  In this District, the judges have determined a defendant must exhaust the Bureau of Prisons process before he or she can seek relief from the sentencing court.  *See United States v. McIntosh*, No. 2:16-cr-100-DBH, 2020 U.S. Dist. LEXIS 93356, at *2 (D. Me. May 28, 2020); *United States v. Crosby*, No. 1:17-cr-123-JAW, 2020 WL 2044727, at *2 (D. Me. Apr. 28, 2020); *United States v. Lugo*, No. 2:19-cr-56-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020).

Here, Defendant has not asserted, and the record does not otherwise reflect, that he filed a request with the Bureau of Prisons and exhausted any administrative appellate rights or that he filed a request with the Bureau of Prisons and waited 30 days after the filing before he filed his motion in this Court.  Because Defendant has not complied with the requirements of 18 U.S.C. § 3582(c)(1)(A), dismissal without prejudice is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion for compassionate release without prejudice to Defendant's ability to renew the motion after he has satisfied the requirements of 18 U.S.C. § 3582(c)(1)(A).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of July, 2020.

3