UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:16-cr-00070-JDL |
| | ) | |
| RYAN BENOIT, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON MOTION FOR COMPASSIONATE RELEASE

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant moves for a reduction of his sentence and immediate release, citing health concerns resulting from the COVID-19 pandemic.  (Second Motion for Compassionate Release, ECF No. 43.)  The Government asks the Court to deny the motion for compassionate release.  (Response, ECF No. 51.)

Following a review of the record and after consideration of the parties' arguments, I recommend the Court deny the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

In May 2016, Defendant was indicted on one count of possession with the intent to distribute cocaine and one count of unlawful possession of a firearm.  (Indictment, ECF No. 1.)  Defendant pled guilty in July 2016. (Change of Plea Hearing, ECF No. 18.)  In November 2016, the Court sentenced Defendant to 90 months in prison.  (Judgment, ECF No. 28.)

In June 2020, Defendant wrote to the Court summarizing the rehabilitation efforts he has made in prison and asked to be released earlier than his expected release date; the Court construed the letter as a motion for compassionate release.  (First Motion for

Compassionate Release, ECF No. 35.)  The Court denied the motion without prejudice because Defendant had not exhausted his administrative remedies with the Bureau of Prisons (BOP) or waited the requisite time before seeking judicial review.  (Order, ECF No. 40.)

In July 2020, Defendant requested compassionate release from the BOP.  (Email, ECF No. 51-1.)  The Warden at FCI Allenwood denied Defendant's request.  (Letter, ECF No. 51-2.)  In August 2020, Defendant filed his second motion for compassionate release with this Court.  (Second Motion for Compassionate Release, ECF No. 43.)

### DISCUSSION

"Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)."  *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008).  Under § 3582(c), the sentencing court may: (1) correct an arithmetical, technical or other clear error within 14 days after sentencing, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (2) reduce a sentence upon the government's motion within one year of sentencing if the defendant provided substantial assistance investigating or prosecuting another person, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (3) modify a sentence that was based on a guideline range which the Sentencing Commission subsequently lowered, *id.* § 3582(c)(2); (4) shorten a sentence for a defendant over the age of seventy who has served more than thirty years in prison and is no longer a danger to others, *id.* § 3582(c)(1)(A)(ii); and (5) reduce a sentence for extraordinary and compelling reasons, such as terminal illness, serious physical or cognitive impairment, or the death or incapacitation of the caregiver of a minor child, spouse or partner, *id.* § 3582(c)(1)(A)(i), U.S.S.G. § 1B1.13

2

Application Note.  Beyond that "handful of narrowly circumscribed exceptions," the sentencing court "has no jurisdiction to vacate, alter, or revise a sentence previously imposed."  *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017).

A court may only reduce a sentence based on extraordinary and compelling reasons after considering the § 3553(a) factors: (1) "upon motion of the Director of the Bureau of Prisons," or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A)(i).  In this District, the judges have determined a defendant must exhaust the Bureau of Prisons process or wait for the time period to lapse before he or she can seek relief from the sentencing court.  *See United States v. McIntosh*, No. 2:16-cr-00100-DBH, 2020 U.S. Dist. LEXIS 93356, at *2 (D. Me. May 28, 2020); *United States v. Crosby*, No. 1:17-cr-00123-JAW, 2020 WL 2044727, at *2 (D. Me. Apr. 28, 2020); *United States v. Lugo*, No. 2:19-cr-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020).  Because more than thirty days have elapsed since Defendant requested relief from the Warden, and because the Warden denied Defendant's request, there is no dispute that this Court may now properly consider Defendant's motion for compassionate release.

Defendant cites health concerns and the COVID-19 pandemic to support his contention that he faces extraordinary and compelling reasons justifying a sentence reduction.  "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release. . . ."

3

*United States v. Curtis*, No. 1:14-CR-00140-JAW, 2020 WL 3104043, at *5 (D. Me. June 11, 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).  An increased risk of severe illness due to the presence of COVID-19 and underlying health conditions, however, can create extraordinary or compelling reasons.  *See e.g.*, *United States v. Belanger*, No. 1:15-CR-00072-JDL, 2020 WL 5351028, at *3 (D. Me. Sept. 4, 2020) (finding extraordinary circumstances from COVID-19 infections and health risk of the defendant including age, diabetes, obesity, hypertension, and cardiovascular disease).

Defendant asserts that he suffers from weak hand grip, body aches, dramatic weight loss, and a high white blood cell count suggesting the possibility of a serious medical condition. (Second Motion at 5.) Petitioner did not provide any medical support for his claims, however, and the evidence in the record does not support his argument.  Defendant is only twenty-nine years old, and before sentencing, his health was described as excellent. (Presentence Investigation Report ¶ 51.)  The medical records the government submitted, (ECF No. 51-4), reflect that while Defendant had a high white blood cell count in early 2018, (*id.* at 1–2), subsequent medical consultations revealed that the white blood cell issue was resolved. (*Id.* at 7–9, 15.)[1]  Defendant also tested negative in December 2019 for two of the conditions Defendant suggests could have been the cause of the white blood cell count. (*Id.* at 10–12.) The record, therefore, does not support Defendant's request for compassionate release based on his health.

---

[1]  Defendant does not believe his elevated white blood cell count could have "magically solved its own problems and just went away." (Reply at 3, ECF No. 53).  In the absence of any further symptoms, however, Defendant has not provided evidence or a satisfactory reason why the Court should doubt the medical evidence reflecting that the issue resolved.

In sum, a review of the record, including the medical information provided, reveals that Defendant has failed to establish an extraordinary or compelling reason for a reduction. Defendant has also failed to demonstrate that he satisfies any other provision of § 3582(c).[2] Accordingly, Defendant is not entitled to a sentence reduction.[3]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion for compassionate release.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

---

[2] Defendant also noted that his mother has health issues and his imprisonment has negatively impacted his son. (Motion at 8; Reply at 3–4). While the issues are undoubtedly of concern to Defendant and his family, Defendant has not established that the circumstances he describes can serve as a basis for compassionate release.

[3] In the alternative, Defendant asks for home confinement.  While the Court is authorized to make a recommendation to BOP concerning defendants' placement, because BOP is given the discretion to grant home confinement under 18 U.S.C. § 3624(c)(2), other courts have determined that district courts are not authorized to order placements into home confinement.  *See e.g.*, *Miller v. United States*, 453 F. Supp. 3d 1062 (E.D. Mich. 2020).  To the extent the Court has such authority, many of the circumstances discussed above also weigh against a recommendation for home confinement.  Furthermore, Defendant's criminal history, his disciplinary violations while incarcerated (*See* ECF No. 51-5), and the fact that Defendant's crime involved a firearm would militate against granting the request.

Defendant's request for credit for time served under the alleged harsh conditions fails for similar reasons. (Reply at 6.)  While district courts have considered the more severe conditions some prisoners have faced during COVID-19 lockdowns while balancing all of the § 3553(a) factors in ruling on motions for compassionate release, *see United States v. Macfarlane*, 438 F. Supp. 3d 125, 127 (D. Mass. 2020) (granting sentence modification in part because the "two-week confinement in solitary quarantine in a higher security facility is the equivalent of two months in the Camp to which he was originally assigned"), that consideration does not affect Petitioner and his more lengthy sentence because he has failed to demonstrate extraordinary circumstances.  In the absence of such extraordinary circumstances or another statutory basis for relief, district courts have no independent discretion to modify a sentence based on the conditions of confinement or to provide credit for time served.  *Cf. United States v. White*, 91 F. App'x 162, 163 (1st Cir. 2004) ("[i]t is settled law that under 18 U.S.C. § 3585(b), discretion to credit time served is vested in the Attorney General, through the Bureau of Prisons . . . and not in the sentencing court").

(14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of October, 2020.