UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RYAN BENOIT,                          )
                                      )
            Petitioner,               )
                                      )
      v.                              )        2:16-cr-00070-JDL-1
                                      )
UNITED STATES OF AMERICA,             )
                                      )
            Respondent                )

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  (Motion, ECF No. 38.)  Following a guilty plea, Petitioner was convicted of possession with intent to distribute heroin and unlawful possession of a firearm. (Judgment, ECF No. 28.)  Petitioner did not file an appeal.

Petitioner claims his attorney provided ineffective assistance by failing to contest a prior conviction or pursue a sentencing reduction; Petitioner also argues that he is entitled to relief as a result of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  The Government asks the Court to dismiss the matter.  (Response, ECF No. 59.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In May 2016, Petitioner was indicted for possessing heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and for possessing a firearm after

having been convicted of a crime punishable by more than one year of imprisonment in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a).  (Indictment, ECF No. 1.)  Petitioner pled

guilty to both charges in July 2016.  (Change of Plea Hearing, ECF No. 18.)

In November 2017, the Court sentenced Petitioner to ninety months in prison, to be

followed by three years of supervised release.  (Judgment, ECF No. 28.)  Petitioner did not

file an appeal.  Petitioner asserts that he signed his § 2255 motion and deposited it in the

prison mail system on June 21, 2020; the Court received and docketed the motion on July

7, 2020.  (Motion, ECF No. 38.)

DISCUSSION

**A.      Ineffective Assistance Claims**

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The
limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United
States is removed, if the movant was prevented from making a motion by
such governmental action;

(3) the date on which the right asserted was initially recognized by the
Supreme Court, if that right has been newly recognized by the Supreme
Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of due
diligence.

When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing; Petitioner's ineffective assistance of counsel claims do not rely on a right newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and Petitioner does not allege newly-discovered facts in support of his section 2255 claims. Because paragraphs (2), (3), and (4) do not apply to the ineffective assistance claims, therefore, the limitations period for those claims began to run when Petitioner's judgment of conviction became final.

The Court entered Petitioner's judgment of conviction on November 17, 2016. (Judgment, ECF No. 28.) Because Petitioner did not appeal, the judgment became final after his fourteen-day period for filing an appeal expired on December 1, 2016. See Fed. R. App. P. 4(b)(1)(A); *Martinez-Serrano v. United States*, No. CIV. 11-1077 JAF, 2012 WL 6016663, at *1 (D.P.R. Nov. 30, 2012) ("Neither the Supreme Court nor the First Circuit, to our knowledge, has decided when an unappealed federal criminal conviction becomes 'final' for the purposes of § 2255(f)(1). All of the circuit courts that have answered this question, to our knowledge, have held that such a conviction becomes final when the time for filing an appeal expires"). The limitation period for filing a section 2255 motion to challenge the judgment expired one year later, on December 1, 2017. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("'When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the

limitations period.'") (quoting *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998)).  Petitioner

did not file his motion until June 21, 2020,[1] more than two years after the limitations period

expired.

Because Petitioner did not file the § 2255 motion within the applicable limitation

period, and because equitable tolling does not apply,[2] dismissal of the ineffective assistance

claims is warranted.

## B.   *Rehaif* Claim

On June 21, 2019, the United States Supreme Court decided *Rehaif v. United States*,

139 S. Ct. 2191 (2019).   Under 18 U.S.C. § 922(g), it is unlawful for certain persons,

including individuals with prior felony convictions, *id.* § 922(g)(1), to possess a firearm or

ammunition.   The statute contains three elements: (1) a status element (belonging to one of

the listed categories of persons), (2) a possession element, and (3) a jurisdictional element

---

[1] Unlike ordinary civil cases, the filing date for § 2255 petitions is not determined by the date on which the Court receives the document; the filing date is governed by the prison mailbox rule:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. §1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d) of the Rules Governing Section 2255 Proceedings.

[2] "[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted).  "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances."  *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases).  "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control."  *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).  Petitioner does not allege any circumstances warranting equitable tolling.

(in or affecting commerce).  *Rehaif*, 139 S. Ct. at 2196.  Before 2019, courts interpreted "knowingly" in the penalty provision (§ 924(a)(2)) to apply only to the possession element, but under *Rehaif*, "knowingly" also applies to the status element.  *Id.* "To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194. Because a guilty plea is not intelligently made when the defendant did not receive "real notice of the true nature of the charges," if Petitioner could demonstrate that he, counsel, and the Court misunderstood the essential elements of a crime, his plea could be susceptible to a constitutional challenge.  *See Bousley v. United States*, 523 U.S. 614, 618 (1998).[3]

A central issue is the retroactive application of *Rehaif*.  In general, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989).  "*Teague* and its progeny recognize two categories of decisions that fall outside this general bar on retroactivity for procedural rules." *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016).  "First, new substantive rules generally apply retroactively.  Second,

---

[3] I have construed Petitioner's *Rehaif* arguments in his favor as a challenge to the voluntariness of the plea because his ineffective assistance characterization adds an additional impediment to obtaining postconviction relief.  Subject to very narrow exceptions, when ineffective assistance of counsel is asserted, "a case decided after a petitioner's conviction and sentence became final may not be the predicate for federal habeas corpus relief unless the decision was dictated by precedent existing when the judgment in question became final."  *See Stringer v. Black*, 503 U.S. 222, 227 (1992); *see also, Powell v. United States*, 430 F.3d 490, 491 (1st Cir. 2005) ("Advocating changes in recent precedent may occasionally be required of competent counsel, but it would take unusual circumstances") (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir.1995) ("the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law")); *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) ("we have a wall of . . . precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel"); *Cooks v. United States*, 461 F.2d 530, 532 (5th Cir. 1972) ("Clairvoyance is not a required attribute of effective representation . . .").

new watershed rules of criminal procedure, which are procedural rules implicating the fundamental fairness and accuracy of the criminal proceeding, will also have retroactive effect." *Id.* (citations, quotations, and modifications omitted).

The exception for new watershed rules of procedure is "extremely narrow," and the sole example has been the right to counsel recognized in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Whorton v. Bockting*, 549 U.S. 406, 417–19 (2007). The exception for substantive rules "includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004) (citations omitted). Because *Rehaif* more narrowly interpreted the scope of a federal criminal statute, it is not subject to the *Teague* rule against retroactivity.

Even though *Rehaif* "is not *Teague*-barred" and therefore can potentially apply on postconviction review, "there are nonetheless significant . . . hurdles" that a petitioner might have to overcome. *Bousley*, 523 U.S. at 621. In general, a claim that was not raised on appeal is procedurally defaulted. *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *Frady*, 456 U.S. at 167–68; *Bousley*, 523 U.S. at 621–22). "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law," *Martinez v. Ryan*, 566 U.S. 1, 10 (2012), or by showing that a miscarriage of justice would occur because, "in light of new evidence, it is more likely than not" that the petitioner is actually innocent of the crime. *House v. Bell*, 547 U.S. 518, 536–39 (2006) (quotation omitted).

6

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded" the ability to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). This can occur if government interference made compliance impractical, *see id.*, or if there was constitutionally ineffective assistance of counsel, *see Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991). Furthermore, if a claim "is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for [the] failure to raise the claim . . . ." *Reed v. Ross*, 468 U.S. 1, 16 (1984). A petitioner cannot establish that a claim was "not reasonably available to counsel" just because of the perception that "a claim was unacceptable to that particular court at that particular time," *see Bousley*, 523 U.S. at 622–23, but a claim is deemed unavailable when it results from a "clear break with the past" in a new Supreme Court case:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may overturn a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. And, finally, a decision may disapprove a practice this Court arguably has sanctioned in prior cases.

*Ross*, 468 U.S. at 17 (citations, quotations, and modifications omitted). While it "present[s] a more difficult question" when a claim implicates the third category, "[b]y definition, when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a . . . court to adopt the position that this Court has ultimately adopted." *Id.*

Because the Supreme Court "overturn[ed] the long-established interpretation" of § 922(g), which was "used in thousands of cases for more than 30 years," and on which the circuit courts were unanimous, *see Rehaif*, 139 S. Ct. at 2201 (Alito, J. dissenting), Petitioner's procedural default falls within the second *Ross* category.[4]  For that reason, the knowledge-of-status issue was not reasonably available to Petitioner's attorney before the district court or on appeal.  Cause thus exists to excuse that procedural default.

---

[4] Some courts have questioned the continued applicability of the second *Ross* category after the *Bousley* Court rejected the argument that futility can constitute cause for a procedural default, while noting that the issue in the case was not novel because it was raised (and rejected) in many other cases.  *See e.g.*, *Simpson v. Matesanz*, 175 F.3d 200, 212 (1st Cir. 1999); *United States v. Moss*, 252 F.3d 993, 1002 (8th Cir. 2001); *Richardson v. Lemke*, 745 F.3d 258, 274 (7th Cir. 2014).  The First Circuit also noted that strict rejection of futility as cause for a procedural default could "encourage[ ] litigants to raise over and over issues seemingly already settled in the circuit." *Brache v. United States*, 165 F.3d 99, 103 (1st Cir. 1999).  The Government, citing *Bousley*, argues that the claim was available because defendants in other cases raised the issue.  More recently, the First Circuit reaffirmed that the *Ross* standard governed a court's assessment whether a claim was unavailable.  *See Lassend v. United States*, 898 F.3d 115, 122 (1st Cir. 2018).  At least one other circuit court has interpreted *Bousley*'s rejection of futility arguments somewhat narrowly.  *See Gutierrez v. Smith*, 702 F.3d 103, 111–12 (2d Cir. 2012) ("futility may constitute cause where prior state case law has consistently rejected a particular constitutional claim.  Futility, however, cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time") (citing *Bousley*) (citation and quotation marks omitted).

Given that *Rehaif* falls within the second *Ross* category, the Government's "availability" arguments and the cases accepting similar arguments are unpersuasive.  *See e.g.*, *United States v. Bryant*, No. 11 CR 765 (RJD), 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) (citing cases in previous decades for conclusion that the knowledge-of-status argument was actually litigated and thus available, but not addressing second *Ross* category or the unanimity of contrary circuit authority).  In other words, even if some defendants raised the issue before *Rehaif*, that alone does not prove the knowledge-of-status argument was reasonably available in the face of widespread and longstanding contrary authority at the time of Petitioner's guilty plea.  Although the Court in *Bousley* cited as evidence for an argument's availability the fact that other defendants had raised the argument, *Bousley*'s reasoning is distinguishable because in that case the lower authority was more contemporaneous and involved a circuit split, not broad and longstanding authority supporting the same principle.  *See United States v. Lowe*, No. 214CR00004JADVCF, 2020 WL 2200852, at *2 (D. Nev. May 6, 2020) ("[Petitioner] can demonstrate cause because the legal basis for his challenge was not reasonably available in light of the broad consensus among the circuit courts before *Rehaif*").  Furthermore, the Court in *Bousley* cited *Ross* without any suggestion that its reasoning was inconsistent with or was intended to overrule the second exemplar category of unavailable claims set forth in *Ross*.

To establish prejudice from the asserted violation of federal law, a petitioner must show "a reasonable probability that, but for [the] errors, the result of the proceeding would have been different." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (citing *Strickland*) (internal quotation omitted).   A petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170.  In the context of a guilty plea, to establish prejudice, the petitioner "must show that there is a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Lee*, 137 S. Ct. at 1964.[5]

Petitioner had at least two prior convictions punishable by more than one year in prison, one of which was for possession of a weapon as a prohibited person.  (Indictment, ECF No. 1; Revised Presentence Investigation Report (PSR) ¶¶ 29–35.)  Petitioner used a straw purchaser to obtain the firearm at issue in this case, which reflects that he not only knew he had a prior felony conviction, but also that he knew he was prohibited from directly obtaining a firearm himself.  (See PSR ¶ 5.)  Furthermore, Petitioner does not allege that he lacked knowledge of his prior convictions punishable by more than one year in prison.  Instead, Petitioner argues that he is not required to establish prejudice because *Rehaif* errors allegedly constitute structural error.  That argument fails, however, because

---

[5] *Lee* and *Hill* referred to prejudice in the context of an ineffective assistance of counsel claim, not in the context of a procedural default, but there does not appear to be a meaningful difference between the two postconviction prejudice inquiries.  *See Lynch v. Ficco*, 438 F.3d 35, 49 (1st Cir. 2006) ("if a habeas petitioner can meet the prejudice standard needed to establish ineffective assistance under *Strickland*, then the prejudice standard under the 'cause and prejudice' showing to excuse a procedural default is also met").

it relies on unpersuasive out-of-circuit authority that differs from binding First Circuit authority and because that argument confuses the postconviction standard of review with standards of review on direct appeal. *See Macarthur v. United States*, No. 1:12-CR-00084-JAW, 2020 WL 7079134, at *15 (D. Me. Dec. 3, 2020); *Brake v. United States*, No. 2:13-CR-00160-GZS, 2021 WL 388439, at *5–6 (D. Me. Feb. 3, 2021).

Given the evidence of Petitioner's prior convictions and knowledge at the time of the firearm possession, there is no reasonable probability that a statement at or prior to Petitioner's plea informing him of the knowledge-of-status element under *Rehaif* would have significantly impacted Petitioner's decision to go to trial or plead guilty. There is also no suggestion that Petitioner was prejudiced in any other way, including at sentencing. Accordingly, Petitioner was not prejudiced as a result of any *Rehaif*-related issue or error,[6] and thus Petitioner is not entitled to postconviction relief.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[6] For the same reason, Petitioner cannot prevail on a claim based on actual innocence. While a narrowed interpretation of a criminal statute can create a situation where a defendant was actually innocent of the crime as properly interpreted, *see Bousley*, 523 U.S. at 624 (remanding for consideration of innocence in light of narrowed interpretation of statute), the record forecloses any likelihood of innocence in Petitioner's case.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of February, 2021.